UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONIA MOHAMMADI,<br><br>                      Petitioner,<br><br>    v.<br><br>PAMELA BONDI, *et al.*,<br><br>                      Respondents. | Case No. C26-420-MLP<br><br>ORDER STRIKING MOTION FOR TEMPORARY RESTRAINING ORDER AND DIRECTING PARTIES TO MEET AND CONFER RE: EXPEDITED BRIEFING SCHEDULE |

Petitioner Ronia Mohammadi is a native and citizen of Afghanistan, and is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. On February 5, 2025, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention and she simultaneously filed a motion for temporary restraining order ("TRO"), both of which seek release from custody. (Dkt. ## 1-2.)

Respondents thereafter filed a notice of intent to oppose Petitioner's motion for TRO, in accordance with Local Civil Rule 65(b)(5), if the Court determined a response was necessary. (Dkt. # 7 at 1.) Respondents also argued therein that the Court should deny the TRO without ordering a response, citing various reasons, including that "the motion fails to establish any basis

ORDER STRIKING MOTION FOR TEMPORARY
RESTRAINING ORDER AND DIRECTING PARTIES
TO MEET AND CONFER RE: EXPEDITED
BRIEFING SCHEDULE - 1

contemplated by General Order 10-25 for adjudicating the underlying habeas petition on the emergency timeline applicable to a TRO." (*See id.* at 1-3.)

General Order 10-25, issued by the Chief Judge of this Court on December 18, 2025, establishes procedures governing petitions for writs of habeas corpus filed under 28 U.S.C. § 2241 by persons in immigration detention. Paragraph 5 of the General Order addresses the filing of TROs and provides in relevant part as follows:

> The standard scheduling order is intended to provide a prompt resolution to habeas petitions that should reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition. Motions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States.

G.O. 10-25.

Respondents argue that Petitioner's TRO does not fit within the limited category of TROs contemplated by the General Order. (Dkt. # 7 at 2.) Respondents maintain that the General Order "addresses circumstances that adjudication of the habeas petition could not remedy, such as an imminent removal from the United States that would render the Court's eventual decision meaningless." (*Id.*) Respondent notes that Petitioner's motion for TRO seeks release from NWIPC, which is the identical relief requested in her petition, and thus, "no relief beyond what ordinary adjudication of the petition would provide." (*Id.*) While Petitioner acknowledges General Order 10-25 in her motion for TRO, she maintains that the filing of this TRO is warranted because of the irreparable harm associated with abuse Petitioner suffered in Afghanistan, and the psychological toll continued detention is taking on her. (Dkt. # 2 at 2.)

Though the Court is not unsympathetic to the challenges Petitioner faces as a result of her current detention, particularly in light of the fact that she was recently granted asylum, the

ORDER STRIKING MOTION FOR TEMPORARY
RESTRAINING ORDER AND DIRECTING PARTIES
TO MEET AND CONFER RE: EXPEDITED
BRIEFING SCHEDULE - 2

challenges are not unique among those similarly confined and do not render her motion for TRO appropriate under General Order 10-25. Accordingly, the Court will strike Petitioner's request for a TRO and instead construe her motion as one seeking expedited briefing.

The Scheduling Order issued by this Court on February 5, 2026, contains a provision addressing expedited briefing, which reads as follows:

> If either party seeks an expedited or enlarged briefing schedule, counsel for that party (or the party themselves, if unrepresented) shall contact the opposing counsel (or party) promptly to meet and confer. The parties shall then file a joint expedited motion, noted for the same day it is filed, that contains either an agreed briefing schedule or the parties' competing proposals for a briefing schedule.

(Dkt. # 5 at 2-3.) If Petitioner wishes to pursue an expedite briefing schedule, she may do so in accordance with the procedures set forth above.

Based on the foregoing, the Court ORDERS as follows:

(1) Petitioner's motion for TRO (dkt. # 2) is STRICKEN as it falls outside the scope of TROs permitted under General Order 10-25. Petitioner is, however, GRANTED leave to pursue an expedited briefing schedule by following the meet and confer procedures set forth in the Court's Scheduling Order.

(2) The Clerk shall send copies of this Order to all counsel of record.

DATED this 6th day of February, 2026.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge